UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CARRILLO LEON,<br><br>    Petitioner,<br><br>    v.<br><br>P. BRAZELTON,<br><br>    Respondent. | Case No.: 1:13-cv-00768-AWI-SAB (HC)<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>(ECF No. 16) |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on May 1, 2013, in the United States District Court for the Central District of California. On May 22, 2013, the action was transferred to this Court.

    On June 5, 2013, the undersigned directed Respondent to file a response to the petition within sixty days from the date of service of that order.

    On July 8, 2013, Petitioner filed a motion to stay and hold the petition in abeyance while he returns to state court to exhaust certain undisclosed claims.

    On August 2, 2013, Respondent filed a motion for an extension of time to file a response to the pending petition.

///

1

## I.

## DISCUSSION

There are two different procedures to hold a petition in abeyance in federal court. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u> at 278. The Ninth Circuit has held that the <u>Rhines</u> "good cause" standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims. See <u>Jackson v. Roe</u>, 425 F.3d 654, 661-662 (9th Cir. 2005).

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. <u>Id.</u> at 1140-41.

In this instance, Petitioner's motion does not address which procedure petitioner seeks to utilize, and Petitioner fails to recognize or address the <u>Rhines</u> conditions. The Court finds, at this juncture, Petitioner fails to meet the requirements for stay under either option. First, applying the <u>Rhines</u> standard, Petitioner fails to identify the ground(s) he intends to exhaust (or is exhausting) in the state court, nor has Petitioner explained the bases for those grounds in sufficient detail for the Court to determine whether those grounds are "plainly meritless" under <u>Rhines</u>. 544 U.S. at 277-278. Petitioner also fails to demonstrate "good cause" for his failure to exhaust the unidentified unexhausted claims prior to filing the instant petition. Petitioner merely asserts that due to his reliance on an inmate assistance and transfer between prison facilities he prematurely filed the instant petition

in this Court. Such circumstances do not demonstrate good cause under <u>Rhines</u> as these circumstances are everyday realities in the lives of prisoners. If Petitioner's assertions are considered to qualify as good cause, then a <u>Rhines</u> stay would be available in virtually every case involving a prisoner. See, e.g., <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008) (to endorse a broad interpretation of "good cause" that would allow routine stays of mixed petitions would undermine the goals of AEDPA.).

Petitioner has also not met the standard for a stay under <u>Kelly</u>. Although a petitioner seeking a stay under the <u>Kelly</u> three-step procedure need not demonstrate good cause, the petitioner must show that the amendment of any newly exhausted claims shares a "common core of operative facts" to the original petition, and the claims must be brought within the one-year statute of limitations period set forth by AEDPA. Petitioner has not demonstrated that any claims he seeks to exhaust are timely or share a common core of operative facts as the claims set forth in the original petition. Accordingly, Petitioner's motion for stay must be DENIED without prejudice.

## II.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to stay the proceedings is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 6, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

3