# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CARRILLO LEON,<br><br>     Petitioner,<br><br>     v.<br><br>P. BRAZELTON,<br><br>     Respondent. | Case No. 1:13-cv-00768-AWI-SAB-HC<br><br>ORDER CONSTRUING FIRST AMENDED PETITION AS MOTION TO AMEND [ECF NO. 26]<br><br>ORDER DIRECTING RESPONDENT TO FILE CONSENT OR OPPOSITION TO MOTION TO AMEND |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 1, 2013, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. The petition was transferred to this Court on May 22, 2013, and assigned Case No. 1:13-cv-00768-AWI-SAB-HC. The petition challenges Petitioner's 2010 conviction for second degree murder and vehicular manslaughter sustained in Tulare County Superior Court. On August 23, 2013, Respondent filed an answer to the petition.

On May 24, 2013, Petitioner filed a second petition for writ of habeas corpus in the United States District Court for the Central District of California. The petition was transferred to the Fresno Division on June 14, 2013, and assigned Case No. 1:13-cv-00922-GSA-HC. The Magistrate Judge dismissed the petition and granted Petitioner leave to file an amended petition. On August 19, 2013, Petitioner filed a first amended petition. The first amended petition also

challenges Petitioner's 2010 conviction out of Tulare County Superior Court. In the amended petition, Petitioner answered "No" to Question #14, which asked whether Petitioner had "any petition or appeal now pending in any court, either state or federal, as to the judgment under attack."

On September 17, 2013, Respondent alerted the Court to the fact that the two petitions challenge the same conviction. Respondent moved to consolidate the two cases. In Case No. 1:13-cv-00922-GSA-HC, on September 24, 2013, Magistrate Judge Gary S. Austin granted Respondent's motion to consolidate the cases. Magistrate Judge Austin noted that in Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008), the Ninth Circuit stated that "where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Accordingly, Magistrate Judge Austin ordered the First Amended Petition in Case No. 1:13-cv-00922-GSA-HC be filed in this case as a motion to amend the petition.

Now pending before the Court is the amended petition from Case No. 1:13-cv-00922-GSA-HC which the Court construes under Woods as a motion to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2), Fed. Rules of Civil Proc. Here, the petition was already amended in the previous case. Under Woods, the original petition filed in Case No. 1:13-cv-00922-GSA-HC filed on May 24, 2013, would have been filed as a motion to amend in this case. However, that petition was dismissed for failure to state any claims for relief, and Petitioner thereafter filed the instant proposed amended petition. Therefore, Rule 15(a)(2) applies, and the motion may only be granted with opposing counsel's consent or the Court's leave.

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The First Amended Petition filed in this case on September 24, 2013, is CONSTRUED as a Motion to Amend;

2) Respondent is GRANTED thirty (30) days from the date of service of this Order to file a consent or opposition to the motion; and

3) Petitioner is GRANTED fourteen (14) days from the date of service of Respondent's filing to file a reply, if he so desires.

IT IS SO ORDERED.

Dated:   **October 2, 2013**

UNITED STATES MAGISTRATE JUDGE