# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CARRILLO LEON,<br><br>        Petitioner,<br><br>    v.<br><br>P. BRAZELTON,<br><br>        Respondent. | Case No.  1:13-cv-00768-AWI-SAB-HC<br><br>ORDER DENYING MOTION TO AMEND<br><br>[ECF NO. 26] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 1, 2013, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. The petition was transferred to this Court on May 22, 2013, and assigned Case No. 1:13-cv-00768-AWI-SAB-HC. The petition challenges Petitioner's 2010 conviction for second degree murder and vehicular manslaughter sustained in Tulare County Superior Court. On August 23, 2013, Respondent filed an answer to the petition. On September 23, 2013, Petitioner filed a traverse.

On May 24, 2013, Petitioner filed a second petition for writ of habeas corpus in the United States District Court for the Central District of California. The petition was transferred to the Fresno Division on June 14, 2013, and assigned Case No. 1:13-cv-00922-GSA-HC. The Magistrate Judge dismissed the petition and granted Petitioner leave to file an amended petition.

1 On August 19, 2013, Petitioner filed a first amended petition. The first amended petition also challenges Petitioner's 2010 conviction out of Tulare County Superior Court. In the amended petition, Petitioner answered "No" to Question #14, which asked whether Petitioner had "any petition or appeal now pending in any court, either state or federal, as to the judgment under attack."

On September 17, 2013, Respondent alerted the Court to the fact that the two petitions challenge the same conviction. Respondent moved to consolidate the two cases. In Case No. 1:13-cv-00922-GSA-HC, on September 24, 2013, Magistrate Judge Gary S. Austin granted Respondent's motion to consolidate the cases. Magistrate Judge Austin noted that in Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008), the Ninth Circuit stated that "where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Accordingly, Magistrate Judge Austin ordered the First Amended Petition in Case No. 1:13-cv-00922-GSA-HC be filed in this case as a motion to amend the petition.

On October 3, 2013, the undersigned issued an order construing the First Amended Petition as a motion to amend. The Court determined that Rule 15(a)(2) of the Federal Rules of Civil Procedure applied, and therefore, the motion could only be granted with opposing counsel's consent or the Court's leave. Accordingly, Respondent was granted an opportunity to file an opposition, and Petitioner was granted an opportunity to file a reply to any opposition.

On October 22, 2013, Respondent opposed the motion to amend. Respondent notes that bad faith is one factor which would weigh against amendment. Respondent argues there appears to be bad faith in this matter, insofar as Petitioner misrepresented that he did not have any other petitions pending in any court as to the judgment under attack even though he had filed a previous petition that was still pending. Respondent further argues that granting the amendment would prejudice Respondent since considerable time and effort had already been expended in answering the first petition, and a response to the amended petition would entail even more time and effort.

Petitioner replied to the opposition on December 5, 2013. Petitioner states he did not act

in bad faith and intentionally mislead the Court by answering "No" to the question asking whether he had any petition pending in any court as to the judgment under attack. He states the error was due to confusion caused by the assistance of multiple jailhouse lawyers. That said, Petitioner concedes to Respondent's opposition and requests that the motion to amend be dismissed, and the action proceed on the original petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The motion to amend filed in this case on September 24, 2013, is DENIED; and

2) The matter will proceed on the original petition filed on May 1, 2013. An answer and traverse having been filed, briefing is closed and the petition is now pending review on the merits.

IT IS SO ORDERED.

Dated:   **December 10, 2013**

UNITED STATES MAGISTRATE JUDGE